IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

OSVALDO FALCON, #09333-104                                              PETITIONER

VERSUS                                            CIVIL ACTION NO. 5:17-cv-72-KS-MTP

WARDEN "UNKNOWN" BERKEBILE                                              RESPONDENT

## MEMORANDUM OPINION

This matter is before the Court *sua sponte* for consideration of dismissal. Petitioner Osvaldo Falcon, a federal inmate incarcerated at the Adams County Correctional Center (ACCC), Washington, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] As directed by the Court's Order [4], Petitioner filed a Response [5]. After reviewing the Petition [1] and Petitioner's Response [5], the Court has come to the following conclusions.

## I. Background

Petitioner was sentenced on October 27, 2016, in the United States District Court for the Southern District of Florida in *United States v. Falcon*, No. 1:16-cr-20513 (S. D. Fla. Oct. 27, 2016). Pet. [1] at p.1. Petitioner complains that because he is an alien with a detainer issued for him by the Bureau of Immigration and Customs Enforcement (ICE) the Bureau of Prisons (BOP) has classified Petitioner with a Public Safety Factor (PSF) of "Deportable Alien." *Id*. at 13. As a result of this PSF classification, BOP is denying Petitioner the opportunity to participate in the Residential Drug Abuse Program (RDAP) which could result in a one-year sentence reduction, denying him the ability to participate in the Residential Reentry Center (RRC) also known as a "halfway house," denying him a

---

[1] Adams County Correctional Center is a contracted correctional institution operated by a private corporation, Corrections Corporation of America. *See* Bureau of Prisons, https://www.bop.gov/locations/ci/acc.

transfer to a facility closer to his family, and denying him placement in a minimum security prison also known as a "camp." *Id*. at 11. Petitioner complains that the action of the BOP violates his constitutional rights of equal protection and due process. *Id*. at pp. 10-13. Finally, Petitioner complains about the exercise yard being "too small as compared to other federal prison yards." *Id*. at 12.

## II. Analysis

Petitioner has filed the instant civil action as a request for habeas relief pursuant to 28 U.S.C. § 2241. A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). Petitioner's argument that he is being deprived benefits because of his PSF classification as a "Deportable Alien," specifically that he is not allowed to participate in certain BOP programs which would reduce his sentence, is properly before the Court as a § 2241 petition. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (citing *Cervante v. United States*, 402 F. App'x 886 (5th Cir. 2010). And because the Petitioner is housed in a facility over which this Court exercises jurisdiction when he filed the petition, jurisdiction exists to review his claim concerning the execution of his sentence. *See Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001); *see also United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (holding that, "[t]o entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian") (emphasis added).

To the extent that Petitioner is asserting a claim concerning the conditions of his confinement, *i.e.*, the size of the exercise yard, such a claim is not properly before the Court as a habeas request and will not be addressed in this Opinion. *See Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976)

(holding that "habeas is not available to review questions unrelated to the cause of detention").  The "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."  *Id*. at 935-36.

Before a federal prisoner may proceed with a § 2241 habeas petition, he is required to exhaust all available administrative remedies.  *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).  The Fifth Circuit has held that a challenge to the constitutionality of the BOP's regulation excluding prisoners with ICE detainers from participating in rehabilitation programs and halfway house placement is not required to exhaust administrative remedies before pursuing a request for habeas relief.  *See Gallegos-Hernandez*, 688 F.3d at 194 (citing *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 477 (5th Cir. 1997).  Under the circumstances of the instant petition, Petitioner is not required to exhaust his available administrative remedies and the Court will consider the merits of Petitioner's habeas claims.

The United States Court of Appeals for the Fifth Circuit has held that the BOP's exclusion of an alien prisoner with a ICE detainer from participating in early release programs and community-based confinement does not violate the Equal Protection Clause of the Constitution.  *See Gallegos-Hernandez*, 688 F.3d at 195-96.  Additionally, the Court notes that Petitioner does not have a liberty interest in being housed in a particular facility, including a facility that provides drug rehabilitation programs.  *See id.* at 195.  Furthermore, Petitioner's argument that because of his Cuban citizenship he cannot be deported does not give rise to a constitutional claim.  *See e.g., Perez v. Lappin*, 672 F. Supp. 2d 35 (D.D.C. 2009) (holding that a "Deportable Alien PSF as applied to a [] Cuban did not violate Petitioner's constitutional rights or violate the Administrative Procedures Act"); *see also, Duong v. Martin*, 2014 WL 1665012, at *2 (S.D. Miss. April 25, 2014) (finding that a PSF

classification of "Deportable Alien" does not implicate any constitutional interest).   Petitioner therefore fails to present a claim upon which habeas relief can be granted.

III.   Conclusion

The Court has determined that the Petitioner's habeas claims are dismissed with prejudice and to the extent Petitioner is asserting a claim concerning the conditions of confinement, such a claim is dismissed without prejudice.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.[2]

SO ORDERED, this the   14th   day of March, 2018.

                                        s/Keith Starrett
                                     UNITED STATES DISTRICT JUDGE

---

[2] A certificate of appealability (COA) is not required for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241.  *See Padilla v. United States*, 416 F. 424, 425 (5th Cir. 2005) (citing *Ojo*, 106 F.3d at 681-82).